LaROSE, Judge.
Jarmar Jackson appeals the summary denial of his postconviction motion for relief from the revocation of his probation and five-year sentence for the underlying convictions. See Fla. R.Crim. P. 3.850.
Mr. Jackson previously filed a motion seeking additional jail credit pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court denied that motion. Mr. Jackson then filed the rule 3.850 motion alleging that counsel was ineffective at the probation revocation and plea hearing. The postconviction court dismissed the motion, without prejudice, in an order specifically stating that (1) the jail credit claim was facially insufficient because Mr. Jackson failed to allege how counsel’s alleged deficiency prejudiced him, in view of the court’s prior rule 3.800(a) ruling, and (2) Jackson’s second claim — that neither counsel nor the trial court advised him that he would subject himself to conditional release probation— was facially insufficient because the record showed no hearing or entry or acceptance of a plea on the alleged date.
Mr. Jackson filed an amended rule 3.850 motion alleging that his counsel misadvised him and failed to advise the court of the correct amount of jail credit due and that, had counsel done so, the outcome of the sentencing hearing would have been different. The postconviction court denied the amended motion with prejudice because it remained facially insufficient in view of the court’s prior 3.800(a) ruling that Mr. Jackson was not entitled to additional jail credit. See Oquendo v. State, 2 So.3d 1001 (Fla. 4th DCA 2008) (holding court may properly deny claim with prejudice where claim is refiled but remains insufficient).
*205 Mr. Jackson argues that the postconviction court erred in failing to attach portions of the record that conclusively refute his claims. We agree. The trial court’s rule 8.800(a) order ruling that Mr. Jackson was not entitled to additional jail credit is neither attached to the postconviction court’s rule 3.850 order nor in the record before us. Therefore, we reverse and remand for the postconviction court to either attach portions of the record that conclusively refute Jackson’s claims or to hold an evidentiary hearing.
Reversed and remanded.
DAVIS and MORRIS, JJ., Concur.